```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
BYRON MAYORGA,

                Plaintiff,                    ORDER

           - against -                        24 Civ. 8107 (NRB)

ALWAYS ON TIME LOGISTICS, INC.,
and CARLOS DE MONTAGNAC,

                Defendants.
--------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS** this action was removed to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, ECF Nos. 1, 2;

**WHEREAS** the Complaint states that Defendant Carlos De Montagnac "is a resident of the County of Bronx, State of New York," Complaint ¶ 2, while the Notice of Removal states, without evidentiary support, "[t]here is complete diversity between all of the defendants and [p]laintiff" and the defendants "are now, and were at the time the action was commenced, citizens of the State of New Jersey," ECF No. 1 ¶¶ 3, 4;

**WHEREAS** the Complaint does not state a specific damages amount sought by the plaintiff, but alleges that the plaintiff sustained "serious personal injuries as defined by Section 5102 of the Law of the State of New York," Complaint ¶ 14, and states that

1

"[p]laintiff demands judgment against the [d]efendants in an amount in excess of the jurisdictional limits of all other Courts that could otherwise have jurisdiction over this matter," id. at 4;

**WHEREAS** both allegations have been held to be insufficient to meet the amount-in-controversy requirement in other cases. See, e.g., Woodley v. Massachusetts Mut., No. 08 CIV.0949(NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case to state court where plaintiff demanded "an amount in excess of the maximum monetary jurisdiction of all lower Courts"); Cadmen v. CVS Albany, L.L.C., No. 22-CV-46 (PKC) (SJB), 2022 WL 138056, at *2 (E.D.N.Y. Jan. 14, 2022) (remanding case to state court where plaintiff demanded "amount in excess of the jurisdictional limits of all other Courts that could otherwise have jurisdiction"); Casas v. Brewer, 523 F. Supp. 3d 267, 268 (E.D.N.Y. 2021) ("There is no reason one cannot have a 'serious injury' as defined in the Insurance Law and still seek less than $75,000 in damages.");

**WHEREAS** the Notice of Removal states, without evidentiary support, "the amount in controversy exceeds $75,000.00," ECF No. 1 ¶ 4, and the "defendant bears the burden of demonstrating the propriety of removal," California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted); it is hereby

2

**ORDERED** that by November 13, 2024, Defendant Carlos De Montagnac is to provide proof, by affidavit with supporting documentation, of his citizenship in the state of New Jersey; and that the defendants are to provide support that the amount-in-controversy requirement has been met, such as "paper that explicitly specifies the amount of monetary damages sought," Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (citations omitted).

It is further ordered that if the foregoing ordering paragraph is not complied with, the case will be remanded to the court from which it was removed.

Dated:   New York, New York
         October 30, 2024

                                             _____
                                             NAOMI REICE BUCHWALD
                                             UNITED STATES DISTRICT JUDGE